NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| HOWARD JOHNSON INTERNATIONAL, INC., a Delaware Corporation, :<br><br>Plaintiff, :<br><br>v. :<br><br>MISSISSIPPI HOSPITALITY SERVICES, LLC, a Mississippi Limited Liability Company; and SURESH BHULA, an individual, :<br><br>Defendants. : | **Hon. Dennis M. Cavanaugh**<br><br>**OPINION**<br><br>Civil Action No. 10-0486 (DMC) (JAD) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Defendants to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3) or, in the alternative, to transfer venue to the Southern District of Mississippi pursuant to 28 U.S.C. § 1404(a) and/or 28 U.S.C. § 1406(a). No oral argument was heard pursuant to Rule 78. For the reasons stated below, Defendants' motion is denied.

## I. BACKGROUND[1]

On or about June 16, 2006, Plaintiff entered into a License Agreement (the "Agreement") with Defendant Mississippi Hospitality Services ("MHS") for the operation of a 164-room Howard

---

[1] The facts are derived from the parties' submissions.

Johnson guest lodging facility in Hattiesburg, Mississippi.  Compl. ¶ 2.  The Agreement stipulates that MHS is to operate the Howard Johnson for fifteen years and is required to make certain periodic payments to Plaintiff for recurring fees such as royalties, service assessments, taxes, and interest. Compl. ¶¶ 11-14.  Defendant Suresh Bhula ("Bhula"), the principal of MHS provided Plaintiff with a guaranty of MHS' obligations under the Agreement.  Compl. ¶ 16.  As such, Bhula agreed that he would "immediately make each payment and perform or cause to be performed each obligation required of Licensee . . . ."  Compl. ¶ 17.

Included in the Agreement was the following choice-of-law provision and forum selection clause:

> You [MHS] consent and waive your objection to the non-exclusive personal jurisdiction of and venue in the New Jersey state courts situated in Morris County, New Jersey and the United States District Court for the District of New Jersey for all cases and controversies under this Agreement between we and you.

Compl., Ex. A § 17.6.3.  The above provision is adopted by reference in the guaranty signed by Bhula.  Defs.' Br. 1.  Neither MHS nor Bhula were represented by counsel when they entered into the Agreement.  Defs.' Br. 3.

Per the Agreement, MHS operated the facility in Mississippi as a Howard Johnson franchise from 2006 to 2009.  Defs.' Br. 2.  In April 2009, Plaintiff notified MHS that it was in default of the Agreement for failure to pay certain recurring fees.  Compl. ¶ 20.  Apparently the hotel was not doing well because on August 2009, MHS ceased its operation as a Howard Johnson and took on a new name.  Defs.' Br. 2.  On May 1, 2010, MHS ceased all operations of the facility.  MHS is no longer a going concern.  Defs.' Br. 2.

Plaintiff instituted the present diversity action on January 27, 2010, asserting a breach of the

Agreement and seeking repayment of fees due.  Venue was predicated on the forum selection clause in § 17.6.3 of the Agreement.  Defendants now seek to have the action dismissed for improper venue, or transferred to the Southern District of Mississippi.

## II. DISCUSSION

A. Motion to Dismiss for Improper Venue

A defendant seeking dismissal under Rule 12(b)(3) bears the burden of showing that venue is improper.  See Myers v. Am. Dental Ass'n, 695 F.2d 716, 724-25 (3d Cir. 1982).  Defendants assert that venue is improper in New Jersey, despite the forum selection clause in the Agreement, because the clause is unenforceable.  This Court disagrees.

A forum selection clause is presumptively valid and enforceable unless the objecting party "establishes (1) that it is the result of fraud or overreaching, (2) that enforcement would violate a strong public policy of the forum, or (3) that enforcement would in the particular circumstances of the case result in litigation in a jurisdiction so seriously inconvenient as to be unreasonable." Coastal Steel Corp. v. Tilghman Wheelabrator, Ltd., 709 F.2d 190, 202 (3d Cir. 1983); see also The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972).

There is absolutely no evidence of fraud or overreaching with regard to the Agreement. Though Defendants assert that they were not represented by counsel during negotiations, there is no indication that they were prevented from consulting with counsel, or that Defendants were in any way deceived into agreeing to the forum selection clause.  The fact that a forum selection clause was not part of the parties' negotiations does not affect its validity.  Park Inn Int'l v. Mody Enter., Inc., 105 F. Supp. 2d 370, 375 (D.N.J. 2000).

Defendants argue that the forum selection clause is invalid because it violates New Jersey public policy.  While it is true that the New Jersey Supreme Court has found that forum selection clauses in contracts subject to the New Jersey Franchises Practices Act are presumptively invalid, see Kubis & Perszyk Assocs. v. Sun Microsystems, Inc., 146 N.J. 176, 192-93 (1996), courts in this district have found that Kubis applies only  to Franchise Act cases.  See, e.g., Bonanno v. Quiznos Master LLC., No. 06-CV-01415 (DMC), 2006 U.S. Dist. LEXIS 85131, at *11-12 (Nov. 17, 2006).  Plaintiffs here do not assert a claim under the Franchise Act, thus, the Court rejects Defendants' public policy argument.

Finally, Defendants also have not established that litigating in New Jersey is so seriously inconvenient as to be unreasonable.  Defendants were aware of the forum selection clause and freely signed the Agreement despite that clause.  Therefore, they had the expectation that they could be litigated against in this state.  Defendant Bhula has stated that "he can hardly afford to litigate in Mississippi, let alone in New Jersey" but he has offered no evidence to the Court beyond this conclusory statement.  Defs.' Br. 7.  Therefore, this Court finds Defendants' argument unpersuasive.

Defendants have failed to prove that the forum selection clause is invalid.  Therefore, their motion to dismiss for improper venue is denied.

B. Motion to Transfer to the Southern District of Mississippi

Having concluded that the forum-selection clause applies to Plaintiff's claims, this Court must decide whether to transfer this matter to the Southern District of Mississippi.  Transfer is guided by Section 1404(a), which provides: "For the convenience of parties and witnesses, in the

interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The burden for establishing the need for transfer rests with Defendants. <u>Jumara v. State Farm Ins. Co.</u>, 55 F.3d 873, 879 (3d Cir. 1995). In addition to the language of Section 1404(a), the Third Circuit has instructed that certain private and public interest factors also be considered.

Private interests include (1) the plaintiff's choice of forum, (2) the defendant's forum preference, (3) whether the claim arose elsewhere, (4) the convenience of the parties as indicated by their relative physical and financial condition, (5) the convenience of the witnesses to the extent that a witness will not be available for trial, and (6) the location of books and records and whether they will be unavailable in the alternative forum. <u>Id.</u>

Public interests include (1) the enforceability of the judgment, (2) practical considerations that would make the trial easy, expeditious, or inexpensive, (3) the relative administrative difficulty in the two fora resulting from court congestion, (4) the local interest in deciding local controversies at home, (5) the public policies of the fora, and (5) the familiarity of the trial judge with the applicable state law in diversity cases. <u>Id.</u> at 879-80.

Having considered the above factors, the Court finds that while the case could have been brought in the Southern District of Mississippi, it is appropriate to maintain it in New Jersey, the forum that the parties have contractually agreed to.

Plaintiffs have chosen New Jersey as the forum and defendants signed an Agreement stipulating to venue in New Jersey. Though the forum-selection clause should not be given dispositive weight, it is entitled to "substantial consideration." <u>Id.</u> at 881. Here, there are no

private factors that necessitate setting aside the parties' contractual obligations.  Defendants do not claim that witnesses would be unavailable in New Jersey or that they would not be able to produce books and records in this forum.  Furthermore, though Defendants claim that they cannot afford to litigate in New Jersey, and that MHS is no longer a going concern, they have not offered any evidence that Bhula, as guarantor of the Agreement, cannot afford to litigate in New Jersey. Therefore, the Court finds this argument unpersuasive.

The Court does not find that any of the public factors move the needle in favor of transfer. The local interests of New Jersey and Mississippi in deciding this dispute are balanced given that New Jersey has a local interest in protecting its citizens from breaches of contract.  There is no evidence that trial would be easier or more expeditious in Mississippi nor is there any evidence that this district's docket is significantly more congested than that of the Southern District of Mississippi.  Accordingly, Defendants have failed to meet their burden of establishing the need for transfer, and Defendants' motion to transfer is denied.

## CONCLUSION

For the reasons set forth above, Defendants' motions are denied.

   S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:       February 28, 2011
Original:    Clerk's Office

cc:        All Counsel of Record
            The Honorable Joseph A. Dickson, U.S.M.J.
            Filesdfd